**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMES EDWARD MITCHELL | : | |
| | : | |
| Appellant | : | No. 1393 WDA 2024 |

Appeal from the PCRA Order Entered August 12, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0001924-1997

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMES EDWARD MITCHELL | : | |
| | : | |
| Appellant | : | No. 33 WDA 2025 |

Appeal from the PCRA Order Entered August 12, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0003600-1997

BEFORE: MURRAY, J., KING, J., and LANE, J.

MEMORANDUM BY LANE, J.:                    **FILED: May 1, 2025**

James Edward Mitchell ("Mitchell") appeals *pro se* from the order dismissing his eighth petition filed pursuant to the Post Conviction Relief Act.[1] We affirm.

---

[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

Given our disposition, a detailed factual recitation is unnecessary. Briefly, in 1998, a jury found Mitchell guilty of first-degree murder at docket CR-0001924-1997, and carrying a firearm without a license at docket CR-0003600-1997. The trial court sentenced Mitchell to life without the possibility of parole for first-degree murder, followed by three and one-half to seven years' incarceration for the firearm conviction. This Court affirmed the judgments of sentence and our Supreme Court denied Mitchell's petition for allowance of appeal on October 4, 2002. **See Commonwealth v. Mitchell**, 803 A.2d 795 (Pa. Super. 2002), *appeal denied*, 809 A.2d 903 (Pa. 2002).

After filing seven unsuccessful PCRA petitions, Mitchell filed the instant *pro se* petition on June 25, 2024, in relation to his convictions at both dockets. Therein, Mitchell acknowledged that his petition was untimely, but expressly indicated that he was not asserting the applicability of any timeliness exception to the PCRA's one-year time bar. Instead, Mitchell claimed that he was not required to plead any timeliness exception because "his conviction is void *ab initio* and he is entitled to relief in the interest of justice from differential treatment among individuals convicted of gang-related references." *Pro Se* Petition, 6/25/24, at 4. The PCRA court determined that the petition was untimely, and that the court lacked jurisdiction to consider the merits of any issues raised therein because Mitchell had not established an exception to the PCRA's one-year time bar. On this basis, the PCRA court issued a Pa.R.Crim.P. notice of its intent to dismiss the petition without a

hearing. Mitchell filed a *pro se* response to the notice. On August 12, 2024, the PCRA court entered an order dismissing the petition. On September 19, 2024,[2] Mitchell filed a single notice of appeal.[3] He then filed separate amended notices of appeal. The PCRA court ordered Mitchell to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and he complied. The PCRA court thereafter authored a Rule 1925(a) opinion.

_____

[2] Pursuant to Pa.R.A.P. 903(a), Mitchell had thirty days from the August 12, 2024 dismissal order in which to file a notice of appeal. However, he did not file his *pro se* notice of appeal until September 19, 2024, which was beyond the thirty-day appeal period. Nonetheless, with one exception not applicable here, "no order of a court shall be appealable until it has been entered upon the appropriate docket in the lower court." Pa.R.A.P. 301(a)(1). A criminal order is properly entered upon the docket by indication thereon of "(a) the date of receipt in the clerk's office of the order or court notice; (b) the date appearing on the order or court notice; and (c) the date of service of the order or court notice." Pa.R.Crim.P. 114(C)(2). The thirty-day time period for appealing from a criminal order other than a judgment of sentence begins to run on the day that the order is served on the parties by the clerk of courts. **See** Pa.R.A.P. 108(a)(1), (d). In this case, there is no indication on the court docket that the dismissal order was ever sent to Mitchell. The August 12, 2024 docket entry references the order, but contains no indication that it was served on Mitchell as required by Pa.R.Crim.P. 908(D)(1) (providing that if the judge dismisses the PCRA petition, the judge promptly shall issue an order denying relief which shall be filed and served pursuant to Rule 114). Nor is there any notation of the date upon which service was made to Mitchell in accordance with the mandates of Rule 114(C)(2). Accordingly, we decline to find that Mitchell's notice of appeal was untimely filed.

[3] Mitchell's initial notice of appeal did not comply with **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018) (requiring appellants to file separate notices of appeal when a single lower court order resolves issues arising on more than one lower court docket). Here, as Mitchell's petition was filed in relation to his convictions at two separate dockets, and the PCRA court's order dismissed the petition in relation to both dockets, Mitchell was required to file separate notices of appeal. Upon directive from this Court, Mitchell complied and filed separate amended notices of appeal.

Mitchell raises the following issue for our review: "The trial court erred and abused its discretion in dismissing [Mitchell's PCRA] petition seeking relief in the interest of justice where insufficient reason [*sic*] exist to support differential treatment among individuals."  Mitchell's Brief at 3 (unnecessary capitalization omitted).

Our standard of review of an order dismissing a PCRA petition is well-settled:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record.  We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.  This Court may affirm a PCRA court's decision on any grounds if the record supports it.  Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record.  However, we afford no such deference to its legal conclusions.  Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Under the PCRA, any petition, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence becomes final.  *See* 42 Pa.C.S.A. § 9545(b)(1).  A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania, or at the expiration of time for seeking such review.  *See* 42 Pa.C.S.A. § 9545(b)(3).  The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the

- 4 -

issues raised if the PCRA petition was not timely filed. ***See Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010).

As indicated above, after this Court affirmed the judgment of sentence, our Supreme Court denied allowance of appeal on October 4, 2002. As Mitchell did not seek review in the United States Supreme Court, his sentence became final ninety days later, on January 2, 2003, upon the expiration of the time to seek such review. ***See*** 42 Pa.C.S.A. § 9545(b)(3); ***see also*** U.S.Sup.Ct.R. 13 (providing that a petition for writ of *certiorari* in the United States Supreme Court must be filed within ninety days). Mitchell then had one year from that date, until January 2, 2004, to file a timely PCRA petition. ***See*** 42 Pa.C.S.A. § 9545(b)(1). As the instant petition was not filed until June 25, 2024, it is patently untimely under the PCRA's one-year time bar.

Nevertheless, Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of three exceptions set forth under section 9545(b)(1). These exceptions are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). Our Supreme Court has emphasized that "it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Marshall*, 947 A.2d 714, 719 (Pa. 2008) (citation omitted).

Here, Mitchell concedes that his petition is untimely and that he did not plead the applicability of any exception to the PCRA's one-year time bar in his petition. However, he claims that our Supreme Court's decision in *Commonwealth v. Toney*, 378 A.2d 310 (Pa. 1977) (holding that it is improper to argue facts not proved or to misstate the evidence), "requires reversal in the instant case, vitiates the verdict and eliminates all questions of waiver, timeliness and due diligence as bars to relief." Mitchell's Brief at 10. Mitchell further posits that "[t]he one year period in this case has not yet commenced to run because the verdict in this case is vitiated, a nullity, non-existent and void ab initio due to the disparate treatment of [Mitchell] and Toney's case." *Id*. at 11.

Contrary to Mitchell's assertion otherwise, his judgment of sentence became final in 2003, his petition is untimely by more than twenty years, and he was, in fact, required to plead and prove a timeliness exception to overcome the untimeliness of his instant petition. *See Marshall*, 947 A.2d at 719. As explained above, the PCRA's timeliness requirements are

jurisdictional in nature. *See Albrecht*, 994 A.2d at 1093. Where a PCRA petition is untimely and the petitioner has not pleaded and proven a timeliness exception, neither this Court nor the PCRA court has jurisdiction over the petition. *See Commonwealth v. Derrickson*, 923 A.2d 466, 468 (Pa. Super. 2007). Without jurisdiction, we simply do not have the legal authority to address the merits of any claim raised in the untimely petition. *See id*. Accordingly, we affirm the PCRA court's order dismissing the petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

5/1/2025